UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DAVID GRAY**<br>140 Reynolds Ave<br>Rehoboth, MA 02769<br><br>    **Plaintiff**<br><br>v.<br><br>**RICHARD HAMILTON,**<br>**Individually and as Administrator**<br>**of the Estate of Kelly Motta**<br>622 Trenton Drive<br>Mansfield, Ohio 44904<br><br>    **and**<br><br>**Tracy Motta-Hamilton**<br>622 Trenton Drive<br>Mansfield, Ohio 44904<br><br>    **Defendants** | **CASE NO.** _____<br><br>**JUDGE** _____<br><br>**COMPLAINT FOR:**<br><br>**MALICIOUS PROSECUTION;**<br>**CONVERSION; CONSPIRACY**<br><br>Jury Demand Endorsed Hereon |

\*\*\*

David Gray ("Gray"), for his complaint against: (1) Richard Hamilton, individually (Hamilton); (2) Richard Hamilton as the Administrator of the Estate of Kelly Motta (the "Estate"); and (3) Tracy Motta-Hamilton (Motta-Hamilton)(collectively Hamilton and the Estate are hereinafter the "Malicious Prosecution Defendants;" collectively Hamilton and Motta-Hamilton are hereinafter the "Conversion Defendants;" collectively Hamilton, the Estate, and Motta-Hamilton are hereinafter the "Defendants"), states as follows:

1

## BACKGROUND and JURISDICTION

1. Gray is a financial services executive, a FINRA-registered representative and an individual residing in the state of Massachusetts.

2. Upon information and belief, Defendants, Hamilton and Motta-Hamilton are individuals both residing in Richland County, Ohio.

3. The Estate is being administrated by Hamilton in Richland County, Ohio.

4. Gray has complete diversity of citizenship with each Defendant, the amount in controversy is in excess of $75,000.00, and jurisdiction and venue are proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1332.

5. On January 29, 2015, the Medina County Domestic Relations Court in *Kelly Gray v. David Gray* Case No. 14DR0001 (the "Divorce Case") issued a Judgment Entry of Divorce which included a separation agreement (the "Marital Separation Agreement") to end the marriage of Kelly Gray aka Kelly Motta (hereinafter referred to as "Decedent").

6. Under the Marital Separation Agreement Gray agreed to pay the Decedent $6000 per month in spousal support.

7. The Decedent died while residing in Mansfield, Ohio on February 5, 2018 at 1:45 PM.

8. Per the Marital Separation Agreement the spousal support was to terminate upon Decedent's death.

9. Gray consistently paid the spousal support so that Decedent received her check on the 1st day of each month.

10. The spousal support check of $6000 for the month of February, 2018 was delivered via mail to the Decedent on or about February 1, 2018.

11. On February 5, 2018 the Decedent died.

12. On that same day, within one and a half hours from the time of her death, the February spousal support check was deposited at a KeyBank branch by one or both of the Conversion Defendants.

13. The check bears an endorsement signature purporting to be the Decedent's signature. Since that time, Hamilton has admitted under oath in a deposition dated November 14, 2019 that he and/or Motta-Hamilton deposited the check after Decedent's death in what appears to be an account in Decedent's name.

14. Upon information and belief the Conversion Defendants had direct access to the account or one or the other or both were beneficiaries of her estate standing to benefit from these funds, including those funds representing spousal support for time after February 5, 2018, being wrongfully deposited in Decedent's account.
15. Although the endorsement signature on the check purports to be hers, Hamilton has admitted that he or his wife, Motta-Hamilton, forged the signature to deposit the money in the Decedent's account.
16. Neither Conversion Defendant had financial power of attorney for Decedent.
17. The Estate was not established at that time, nor had Hamilton been appointed as the administrator of the Estate at the time.
18. Neither Conversion Defendant informed Gray that Decedent had died.
19. Despite later demand for the same, the Conversion Defendants have refused to return the portion of the spousal support check for which the Decedent was not entitled, i.e. the portion intended to cover February 6, 2018 to February 28, 2018 had Decedent lived ( the "Converted Funds") to Gray.
20. The Decedent's estate was opened with Hamilton being appointed administrator of her estate in the Richland County Probate Court in Case Number 20181112 on March 12, 2018.
21. Purportedly under Ohio Revised Code 2109.50, on January 8, 2019, the Malicious Prosecution Defendants filed a *Complaint for Concealment or Embezzlement of Assets* against Gray in Richland County Probate Court bearing Case No. 20181112C (the "Embezzlement Action").
22. Said Embezzlement Action was criminal in nature.
23. In the Embezzlement Action, the Malicious Prosecution Defendants claimed that Gray embezzled and concealed certain assets from the Decedent such as non-qualified stock options, restricted stock units, Charles Schwab 401k account, Charles Schwab rollover IRA and a condominium property in Hawaii, among other items.
24. On April 15, 2019, the Malicious Prosecution Defendants filed a *Motion to Show Cause/Contempt* and *Motion for Attorney Fees* in the Divorce Case (the "Show Cause/Contempt Action") in which they claimed Gray failed to comply with the terms of the Divorce Decree. Said claims were substantially the same claims brought in the Embezzlement Action.
25. On July 3, 2019, the Malicious Prosecution Defendants voluntarily dismissed the Show Cause/Contempt Action (the "First Dismissal").

26. On or about July 8, 2019, the Malicious Prosecution Defendants voluntarily dismissed the Embezzlement Action (the "Second Dismissal").
27. The allegations, assets and claims set forth in the Concealment Action and the Show Cause/Contempt Action were substantially identical.
28. The First Dismissal and Second Dismissal were both voluntary dismissals by the Malicious Prosecution Defendants without prejudice. However, they constitute a double dismissal under Ohio Civ. R. 41(A)(1) resulting in the termination of the Embezzlement Action in Gray's favor, with prejudice.

## COUNT ONE

### Malicious Prosecution

29. Gray incorporates the above paragraphs as if fully rewritten herein.
30. The Malicious Prosecution Defendants instituted the Embezzlement Action with the intent to harm Gray personally and in his profession as a financial services executive and a FINRA-registered representative.
31. The malicious prosecution Defendants' actions in instituting the Embezzlement Action were malicious and were done with reckless disregard for the rights and well-being of Gray.
32. The Malicious Prosecution Defendants did not have probable cause to institute the Embezzlement Action.
33. The First Dismissal and Second Dismissal were both voluntary dismissals by the Malicious Prosecution Defendants which is a double dismissal under Ohio Civ. R. 41(A)(1) resulting in termination of the Embezzlement Action in Gray's favor, with prejudice.
34. Because of the filing of the Embezzlement Action, certain of Gray's property was not accessible to Gray and was effectively seized during the course of the Embezzlement Action instituted by the Malicious Prosecution Defendants.
35. The Embezzlement Action was criminal in nature.
36. Gray has been damaged in an amount greater than $75,000.00 and he has sustained

4

additional damages to his reputation, dignity, and loss of future earning potential all caused by the Malicious Prosecution Defendants' wrongful institution and maintenance of the Embezzlement Action.

37. Gray has also suffered emotional stress/fear/ and anxiety with respect to the potential impact of the Embezzlement Action on his career.

## COUNT II

### (Conversion)

38. Gray realleges the averments set forth in the prior paragraphs of this Complaint.
39. One or both of the Conversion Defendants, working together, wrongfully forged the Decedent's name on the February 2018 spousal support check.
40. Within approximately an hour and half of her death one or both of the Conversion Defendants, working together, placed the same in an account to which they had access or to which they stood to benefit from by virtue of his or his spouse's position as a beneficiaries of the Decedent's estate.
41. At the time the Conversion Defendants deposited the Converted Funds, Gray owned the cash and/or had a right to possession of the Converted Funds at the time of the conversion.
42. Gray has made a demand upon the Conversion Defendants to return the Converted Funds. They have refused.
43. The Conversion Defendants have acted with malice and in reckless disregard for the rights and well-being of Gray.
44. Gray has been damaged in the amount of the Converted Funds or $4928.57.

## COUNT III

### (Conspiracy for Conversion)

45. Gray realleges the averments set forth in the prior paragraphs of this Complaint.

5

46. The Conversion Defendants acted in a malicious combination to wrongfully convert property from Gray to the injury of his person and property. The conversion itself was an unlawful act independent from the actual conspiracy.

47. The Conversion Defendants have acted in conspiracy with malice and in reckless disregard for the rights of Gray.

48. The Conversion Defendants are jointly and severally liable to Gray for the $4928.57 in damages they have caused Gray.

WHEREFORE, Gray prays for judgment against the Defendants as follows:

**On Count I Malicious Prosecution:** judgment against Hamilton and the Estate of Kelly Motta jointly and severally in an amount in excess of $75,000 for malicious prosecution, for punitive damages, prejudgment interest, post-judgment interest, costs, litigation expenses and attorney's fees.

**On Count II:** judgment against Hamilton and Motta-Hamilton in the amount of $4,928.57 for conversion, for punitive damages, prejudgment interest, post-judgment interest, costs, litigation expenses and attorney's fees.

**On Count III:** judgment against Hamilton and Motta-Hamilton, jointly and severally, in the amount of $4,928.57 for conversion, for punitive damages, prejudgment interest, post-judgment interest, costs, litigation expenses and attorney's fees.

**On All Counts:** judgment for any and all additional remedies this Court may direct in law and

equity.

        Respectfully Submitted,

        s/Jay Krasovec
        Jeffrey T. Witschey, Esq. #0059151
        Jay Krasovec, Esq. #0069787
        Karan A. Moss, Esq. #0087728
        **WITSCHEY WITSCHEY & FIRESTINE CO., LPA**
        405 Rothrock Rd., Suite 103
        Akron, Ohio 44321
        (330) 665-5117
        Fax: (330) 665-7615
        Email: jtw@witscheylaw.com
              jek@witscheylaw.com
              kam@witscheylaw.com
        **ATTORNEYS FOR DAVID GRAY**

**Jury Demand**

Gray hereby requests a jury on all issues in this complaint so triable.

        s/Jay Krasovec
        Jay Krasovec

cli.gray.plead.complaint-1